UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PETER BABADAGLIAN,

         Plaintiff,

 -against-

CITY OF NEW YORK, DAVID BLECK, Individually,
DANIEL RIVAS, Individually, and JOHN and JANE DOE
1 through 4, Individually, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

         Defendants.

-------------------------------------------------------------------X

**ANSWER WITH CROSS-CLAIMS AGAINST THE CITY OF NEW YORK**

Index No.: 19-CV-4136
(NF)(ST)

Jury Trial Demanded

  Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS by their attorneys Worth, Longworth and London LLP, hereby answer Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

1.  Deny the allegations contained in paragraph 1.

## JURISDICTION

2.  Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2.

3.  Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3.

1

## VENUE

4. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4.

## JURY DEMAND

5. Paragraph 5 is a jury demand to which no response is required.

## PARTIES

6. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6.

7. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7.

8. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8.

9. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9, except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

10. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10, except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

11. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11, except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

**FACTS**

12. Deny the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14 except admit that Plaintiff gestured.

15. Deny the allegations contained in paragraph 15.

16. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16.

17. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18 except admit the Officers were wearing NYPD uniforms.

19. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 22 except admit that the officers made a three point turn and pulled over Plaintiff's vehicle.

23. Deny the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31 except admit that Plaintiff was transported in Defendants' vehicle to meet a supervisor at a safer location.

32. Admit the allegations contained in paragraph 32.

33. Deny the allegations contained in paragraph 33.

34. Deny the allegations contained in paragraph 34 except admit that Plaintiff was taken out of the NYPD car and his handcuffs were removed.

35. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35 except admit that Plaintiff remained at the location.

36. Deny the allegations contained in paragraph 36 except admit that Plaintiff was issued a C-summons.

37. Deny the allegations contained in paragraph 37.

38. Deny the allegations contained in paragraph 38.

39. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

41. Deny the allegations contained in paragraph 41.

42. Deny the allegations contained in paragraph 42.

43. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

46. Deny the allegations contained in paragraph 46.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

51. Deny the allegations contained in paragraph 51.

52. Deny the allegations contained in paragraph 52, except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

53. Deny the allegations contained in paragraph 53.

54. Deny the allegations contained in paragraph 54, except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID

BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

55. Deny the allegations contained in paragraph 55, except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

56. Deny the allegations contained in paragraph 56.

**Federal Claims**

**AS FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. §1983 against Individually Named Defendants)

57. In response to paragraph 57, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-56 as if the same were fully set forth herein.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. Deny the allegations contained in paragraph 60.

**AS FOR AN ANSWER TO THE SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. §1983 against Individually Named Defendants)

61. In response to paragraph 61, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-60 as if the same were fully set forth herein.

62. Deny the allegations contained in paragraph 62.

63. Deny the allegations contained in paragraph 63.

64. Deny the allegations contained in paragraph 64.

**AS FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. §1983 against Individually Named Defendants)

65. In response to paragraph 65, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-64 as if the same were fully set forth herein.

66. Deny the allegations contained in paragraph 66.

67. Deny the allegations contained in paragraph 67.

68. Deny the allegations contained in paragraph 68.

**AS FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. §1983 against Defendant Bleck)

69. In response to paragraph 69, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-68 as if the same were fully set forth herein.

70. Deny the allegations contained in paragraph 70.

71. Deny the allegations contained in paragraph 71.

72. Deny the allegations contained in paragraph 72.

73. Deny the allegations contained in paragraph 73.

**AS FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983 against Individually-Named Defendants)

74. In response to paragraph 74, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-73 as if the same were fully set forth herein.

75. Deny the allegations contained in paragraph 75.

76. Deny the allegations contained in paragraph 76.

77. Deny the allegations contained in paragraph 77.

78. Deny the allegations contained in paragraph 78.

**AS FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983 against Individually Named Defendants)

79. In response to paragraph 79, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-78 as if the same were fully set forth herein.

80. Deny the allegations contained in paragraph 80.

81. Deny the allegations contained in paragraph 81.

**AS FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. §1983 against Defendant City of New York)

82. In response to paragraph 82, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-81 as if the same were fully set forth herein.

83. Deny the allegations contained in paragraph 83, except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

84. Deny the allegations contained in paragraph 84.

85. Deny the allegations contained in paragraph 85.

86. Deny the allegations contained in paragraph 86.

87. Deny the allegations contained in paragraph 87.

88. Deny the allegations contained in paragraph 88.

89. Deny the allegations contained in paragraph 89, except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

90. Deny the allegations contained in paragraph 90 including sub-paragraphs A. to D.

91. Deny the allegations contained in paragraph 91.

**Supplemental State Law Claims**

92. In response to paragraph 92, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-91 as if the same were fully set forth herein.

93. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 93.

94. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 94.

95. Admit the allegations contained in paragraph 95.

96. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 96.

97. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 97.

## AS FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION
(Assault under the laws of the State of New York against Individually Named Defendants and Defendant City of New York)

98. In response to paragraph 98, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-97 as if the same were fully set forth herein.

99. Deny the allegations contained in paragraph 99.

100. Deny the allegations contained in paragraph 100.

101. Deny the allegations contained in paragraph 101 except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

102. Deny the allegations contained in paragraph 102.

## AS FOR AN ANSWER THE NINTH CAUSE OF ACTION
(Battery under the Laws of the State of New York against the Individual Defendants and Defendant City of New York)

103. In response to paragraph 103, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-102 as if the same were fully set forth herein.

104. Deny the allegations contained in paragraph 104.

105. Deny the allegations contained in paragraph 105.

106. Deny the allegations contained in paragraph 106 except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

107. Deny the allegations contained in paragraph 107.

**AS FOR AN ANSWER TO THE TENTH CAUSE OF ACTION**
(Malicious Prosecution under the laws of the State of New York against Individual Defendants and Defendant City of New York)

108. In response to paragraph 108, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-107 as if the same were fully set forth herein.

109. Deny the allegations contained in paragraph 109.

110. Deny the allegations contained in paragraph 110 except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

111. Deny the allegations contained in paragraph 111.

112. Deny the allegations contained in paragraph 112.

**AS FOR AN ANSWER TO THE ELEVENTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

113. In response to paragraph 113, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-112 as if the same were fully set forth herein.

114. Deny the allegations contained in paragraph 114.

115. Deny the allegations contained in paragraph 115.

116. Deny the allegations contained in paragraph 116.

## AS FOR AN ANSWER TO THE TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

117. In response to paragraph 117, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-116 as if the same were fully set forth herein.

118. Deny the allegations contained in paragraph 118.

119. Deny the allegations contained in paragraph 119.

## AS FOR AN ANSWER TO THE THIRTEENTH CAUSE OF ACTION
(Negligence under the Laws of the State of New York against the Individual Defendants and Defendant City of New York)

120. In response to paragraph 120, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-119 as if the same were fully set forth herein.

121. Deny the allegations contained in paragraph 121.

122. Deny the allegations contained in paragraph 122 except admit at all relevant times mentioned in the Complaint Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, were performing their duties lawfully, under color of law, and within the scope of their employment as New York City Police Officers.

123. Deny the allegations contained in paragraph 123.

## AS FOR AN ANSWER TO THE FOURTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 § 12 against Defendant City of New York)

124. In response to paragraph 124, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, repeat and reiterate each and every response set forth in paragraphs 1-123 as if the same were fully set forth herein.

125. Deny the allegations contained in paragraph 125.

126.     Deny the allegations contained in paragraph 126.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

127.     Plaintiff's Complaint fails to state a claim upon which relief can be granted as against Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS.

**AS FOR A SECOND AFFIRMATIVE DEFENSE**

128.     The alleged incident and damages, if any, alleged to have been sustained by Plaintiff on the occasion(s) mentioned in the Complaint were wholly or in part caused by the culpable conduct of Plaintiff.

**AS FOR A THIRD AFFIRMATIVE DEFENSE**

129.     The actions of Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, as sworn Police Officers of Defendant CITY OF NEW YORK, were justified and done in good faith, in that Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS reasonably believed they were exercising their duties lawfully, and were acting within their statutory and constitutional powers.

**AS FOR A FOURTH AFFIRMATIVE DEFENSE**

130.     Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS acted reasonably and in good faith in discharging their duties and responsibilities and as such are entitled to qualified immunity.

**AS FOR A FIFTH AFFIRMATIVE DEFENSE**

131.     Upon information and belief, the injuries or damages alleged in the Complaint were or may have been caused in whole or in part by parties now or hereafter to be

named as Co-Defendants or Third-Party Defendants and accordingly the liability of Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS may be limited by the provisions of Article 16 of the CPLR.

**AS FOR A SIXTH AFFIRMATIVE DEFENSE**

132. That any sums or consideration paid or promised to Plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the Complaint shall reduce any judgment rendered in favor of Plaintiff as against Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS to the extent the greater of either sums or consideration paid or promised to Plaintiff or the amount of the joint tortfeasor's equitable share(s) of the damages in accordance with General Obligations Law § 15-108 et. seq.

**AS FOR AN SEVENTH AFFIRMATIVE DEFENSE**

133. Plaintiff's Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for civil rights claim.

**AS FOR AN EIGHTH AFFIRMATIVE DEFENSE**

134. Causes of Action alleged in Plaintiff's Complaint are/may be barred by the applicable statute of limitations.

**AS FOR A NINTH AFFIRMATIVE DEFENSE**

135. Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by the Plaintiff shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

**AS FOR A FIRST CROSS-CLAIM AGAINST**
**DEFENDANT THE CITY OF NEW YORK**

136. If Plaintiff was caused damages as alleged in Plaintiff's Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts or omission or commission of Defendant CITY OF NEW YORK.

## AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK

137. All of the acts of Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS were performed under color of law and, within the scope of their duty and within the scope of their employment as a New York City Police Officers, and any liability to the Plaintiff must be assumed by their employer, Defendant CITY OF NEW YORK, pursuant to the principle of *Respondeat Superior*.

138. Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS, then said Defendants are entitled to recover the amount of such judgment from Defendant CITY OF NEW YORK.

## AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK

139. All of the actions of Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS were performed within the performance of their duty and within the scope of their employment as New York City Police Officers, and any liability to Plaintiff must be assumed by Defendant CITY OF NEW YORK pursuant to NYS General Municipal Law § 50-k.

140. Any damages sustained by the Plaintiff at the time or place mentioned in the Plaintiff's Complaint are embraced within the provisions of NYS General Municipal Law § 50-k.

141. Pursuant to this provision of NYS General Municipal Law § 50-k., if the Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS then said Defendants are entitled to indemnification and/or contribution to recover the amount of such judgment from the Defendant CITY OF NEW YORK.

### AS AND FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK

142. If Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS are found to be liable for damages in this action, such liability will have been caused or contributed to, in whole or in part, by the negligence and culpable conduct of the remaining Co-Defendants and Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS are entitled to indemnification and/or contribution.

**WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS respectfully demands judgment against Plaintiff as follows:

(a) Dismissing Plaintiff's Complaint in its entirety;

(b) Over and against Defendant, CITY OF NEW YORK for the amount of any judgment obtained against Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS;

(c) Granting Defendant NEW YORK CITY POLICE OFFICERS DAVID BLECK AND DANIEL RIVAS costs, disbursements, expenses of the action, reasonable attorney's fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 4th, 2019

Yours, etc.,

_____/s/_____
By: Douglas LaBarbera (DL 3880)
WORTH, LONGWORTH & LONDON, LLP
*Attorneys for Defendants Bleck and Rivas*
111 John Street - Suite 640
New York, New York 10038
(212) 964-8038

TO: **VIA ECF**

Brett H. Klein Esq.
*Attorney for Plaintiff*
305 Broadway, Suite 600
New York, New York 10007

Peter William Brocker
NYC Law Department
100 Church Street
New York, New York 10007