UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

PETER BABADAGLIAN,

                              Plaintiff,

               -against-

CITY OF NEW YORK, DAVID BLECK, Individually,
DANIEL RIVAS, Individually, ROBERT FAULKNER,
Individually, and EDUARDO ROCHE, Individually,

                           Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

19 CV 04136
(NG) (ST)

<u>Jury Trial Demanded</u>

Plaintiff PETER BABADAGLIAN, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**<u>Preliminary Statement</u>**

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**<u>JURISDICTION</u>**

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**<u>VENUE</u>**

4.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff PETER BABADAGLIAN is a seventy-six-year-old male resident of

Queens County, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police

Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police

department, authorized to perform all functions of a police department as per the applicable

sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants,

DAVID BLECK, DANIEL RIVAS, ROBERT FAULKNER, and EDUARDO ROCHE, were

duly sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12.     On April 19, 2018, at approximately 2:30 p.m., in the vicinity of 70-30 Austin Street, Queens, New York, NYPD officers, acting under color of law, unlawfully stopped, seized, assaulted and battered, falsely arrested, unlawfully imprisoned, and thereafter, maliciously prosecuted PETER BABADAGLIAN.

13.     On the aforesaid date, and at that time, plaintiff was lawfully operating a motor vehicle proceeding west on Austin Street in Queens, New York, trying to maneuver around a double-parked car, when defendant NYPD officers DAVID BLECK, DANIEL RIVAS, and ROBERT FAULKNER, while travelling in the opposite direction, drove towards plaintiff in an unmarked vehicle with dark windows.

14.     As the defendant officers were driving towards plaintiff, he gestured out his window indicating he was trying to pass the double-parked vehicle.

15.     Defendants continued to drive towards plaintiff's vehicle, and RIVAS, who was in the driver's seat, rolled down his window and confronted plaintiff by asking him, in sum and substance, what his problem was?

16.     Plaintiff did not know, and had no reason to know, that RIVAS was a NYPD officer.

17.     Plaintiff responded to Rivas by asking, in sum and substance, if he was stupid?

18.     Defendant RIVAS rolled the driver's side window further down, at which time plaintiff observed the NYPD patch on his jacket.

19.     It was at this point plaintiff became aware the driver and occupants of the vehicle were police officers.

3

20.     No further words were exchanged.

21.     Defendants continued past plaintiff's vehicle, at which point plaintiff was able to drive around the double-parked car and proceed on his way.

22.     After plaintiff had driven approximately half a block, defendants made a U-turn and began to follow plaintiff.

23.     Despite the fact that plaintiff had not committed any traffic violations or other offenses or crimes, and defendants had no lawful basis to stop and/or seize plaintiff, defendant officers BLECK, RIVAS, and FAULKNER pulled plaintiff over on Austin Street, in the vicinity of 70th Road.

24.     Defendants BLECK and RIVAS thereafter, without any justification, and with unnecessary force, opened the driver's side door and physically pulled plaintiff, an elderly gentleman who suffers from Parkinson's disease, out of his car.

25.     As defendants dragged plaintiff to the back of his car, they hit the left side of his face against the top trunk area and slammed his chest against the car.

26.     Defendant BLECK then kneed plaintiff's left leg causing plaintiff's knee to hit the car.

27.     Defendant FAULKNER held plaintiff as he was roughly handcuffed in an overtight manner causing pain and swelling to his wrists and arms.

28.     Plaintiff repeatedly informed the defendants the handcuffs were causing him significant pain and pleaded with the defendants to do something to ease the pain, but defendants ignored him.

29.     Plaintiff's person, vehicle, and items within his vehicle were all unlawfully searched.

30.     Plaintiff's repeated requests for information were ignored and plaintiff was imprisoned by defendants in their vehicle.  Plaintiff was only told he would be taken to the nearby 112th Precinct Station House.

31.     Inexplicably, causing plaintiff significant fear for his safety and well-being, defendants did not transport plaintiff to a station house or other suitable location.  Instead, plaintiff was transported in police custody to another nearby street in Queens, New York in the vicinity of 70-30 Austin Street.

32.     Defendants parked their vehicle, leaving plaintiff rear handcuffed in the back seat, on the street at said location which was near a car dealership approximately halfway between the location where plaintiff was seized and the location of the 112th Precinct Station House.

33.     BLECK arrived shortly thereafter, having driven plaintiff's car to the said location in further violation of proper police procedure.

34.     Plaintiff remained unlawfully imprisoned in overtight handcuffs in the back of the police car until defendant officer EDUARDO ROCHE, who was a supervisor, arrived with three to four other officers, all in plain clothes, and he was taken out of the NYPD car and his handcuffs were removed.

35.     Defendants BLECK, RIVAS, FAULKNER, and ROCHE were all outside, in the street and on the sidewalk, continuing to detain plaintiff against his will.

36.     Plaintiff was released at the scene with summons no. 4443257219, which was sworn to by defendant BLECK, and falsely charged plaintiff with disorderly conduct, with the baseless and false allegations that plaintiff intentionally obstructed vehicular traffic while shouting obscene language causing a crowd to gather.

37.     Defendant BLECK initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid being disciplined for the above described abuses of authority.

38.     Defendant BLECK created and manufactured false evidence which he conveyed to the Queens County District Attorney's Office and to Queens County Criminal Court and which was likely to be used against him in the aforementioned legal proceeding.  Specifically, defendant BLECK swore to false claims which formed the basis of the criminal charges of disorderly conduct filed against plaintiff.

39.     The summons compelled plaintiff to appear in criminal court, located at 125-01 Queens Boulevard, New York, on July 5, 2018, on which date plaintiff was informed all the false charges were dismissed and sealed.

40.     The actions of BLECK, RIVAS, FAULKNER, and ROCHE caused plaintiff significant pain, physical injury and emotional distress, including, but not limited to, a large posteriorly-flipped vertical meniscal tear, with displacement of the meniscal flap superior to the posterior horn placement, neck pain, back pain, left knee pain and swelling, arm swelling, and physical instability.  Plaintiff had to undergo surgical intervention for his knee injury at Lenox Hill Hospital where he had a left knee arthroscopy with partial meniscectomy of medial and lateral menisci, as well as receiving medical assessments and treatment at Riverside Orthopedics, including MRI, and physical therapy.  Plaintiff was reliant on a cane while recovering from surgery and continues to experience knee, neck and back pain.

41.     Defendants BLECK, RIVAS, FAULKNER, and ROCHE either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity

to do so, or supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

42. As a result of the above described actions of defendants BLECK, RIVAS, FAULKNER, and ROCHE plaintiff sustained injuries, requiring treatment, and resulting in ongoing *sequelae*.

43. Defendants BLECK, RIVAS, FAULKNER, and ROCHE owed a duty to plaintiff to ensure his safety in their custody.

44. Defendants BLECK, RIVAS, FAULKNER, and ROCHE breached their duty to plaintiff, resulting in plaintiff sustaining the above described physical injuries while in their custody

45. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, falsification, lax investigations of police misconduct, and of covering up abuse by fellow officers.

46. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed against NYPD, that NYPD officers, including the defendants, are insufficiently trained regarding the use of force.

47. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and falsely arrest individuals to

cover up police abuse.

48.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

49.     Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at https://www1.nyc.gov/assets/doi/press-releases/2015/oct/pr_uofrpt_100115.pdf.  Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

50.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

51.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament,

maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

52. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

53. All of the aforementioned acts deprived plaintiff PETER BABADAGLIAN of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

54. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. As a result of the foregoing, plaintiff PETER BABADAGLIAN sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## <u>Federal Claims</u>

### <u>AS AND FOR A FIRST CAUSE OF ACTION</u>
<u>(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Individually Named Defendants)</u>

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendant officers arrested plaintiff PETER BABADAGLIAN without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

59. Defendant officers caused plaintiff PETER BABADAGLIAN to be falsely arrested and unlawfully imprisoned.

60. As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 against Individually Named Defendants)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff PETER BABADAGLIAN'S constitutional rights.

63. As a result of the aforementioned conduct of the defendant officers, plaintiff PETER BABADAGLIAN was subjected to excessive force and sustained serious physical injuries and emotional distress.

64. As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983 against Individually Named Defendants)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff PETER BABADAGLIAN.

67.     Defendants caused plaintiff PETER BABADAGLIAN to be prosecuted without any probable cause until the charges were dismissed on or about August 27, 2015.

68.     As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Bleck)

69.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendant DAVID BLECK created false evidence against plaintiff PETER BABADAGLIAN.

71.     Defendant DAVID BLECK utilized this false evidence against plaintiff PETER BADAGLIAN in legal proceedings.

72.     As a result of defendant DAVID BLECK'S creation and use of false evidence, plaintiff PETER BABADAGLIAN was deprived of his liberty and suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

73.     As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983 against Individually Named Defendants)

74.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.    Defendants had an affirmative duty to intervene on behalf of plaintiff PETER BABADAGLIAN, whose constitutional rights were being violated in their presence by other officers.

76.    The defendants failed to intervene to prevent the unlawful conduct described herein.

77.    As a result of the foregoing, plaintiff PETER BABADAGLIAN was subjected to excessive force, arrested, he was denied his right to a fair trial, and he was put in fear of his safety.

78.    As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983 against Individually Named Defendants)

79.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80.    The supervisory defendants, including EDUARDO ROCHE, personally caused

plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

81. As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

84. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals and falsely arresting individuals to justify said use of force. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff PETER BABADAGLIAN'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

85. The foregoing customs, policies, usages, practices, procedures and rules of the

City of New York and the NYPD constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff PETER BABADAGLIAN.

86. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff PETER BABADAGLIAN as alleged herein.

87. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the Constitutional violations suffered by plaintiff PETER BABADAGLIAN as alleged herein.

88. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD, plaintiff PETER BABADAGLIAN was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

89. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff PETER BABADAGLIAN'S constitutional rights.

90. All of the foregoing acts by defendants deprived plaintiff PETER BABADAGLIAN of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from excessive force;

    C. To be free from malicious prosecution;

    D. To be free from the failure to intervene.

91. As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

92.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

94.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

95.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

96.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

97.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Assault under the laws of the State of New York against Individually Named Defendants and Defendant City of New York)

98.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99.     As a result of the foregoing, plaintiff PETER BABADAGLIAN was placed in apprehension of imminent harmful and offensive bodily contact.

100.    As a result of defendant's conduct, plaintiff PETER BABADAGLIAN has suffered physical pain and mental anguish, together with shock, fright, apprehension,

embarrassment, and humiliation.

101.     The individually named defendants assaulted plaintiff.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

102.     As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York against Individually Named Defendants and Defendant City of New York)

103.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "102" with the same force and effect as if fully set forth herein.

104.     Defendants made offensive contact with plaintiff PETER BABADAGLIAN without privilege or consent.

105.     As a result of defendants' conduct, plaintiff PETER BABADAGLIAN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

106.     The individually named defendants battered plaintiffs.     Defendant City, as employer of the each of the individually named defendant officers, is responsible for said officers' wrongdoing under the doctrine of *respondeat superior*.

107.     As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Malicious Prosecution under the laws of the State of New York against Individually Named Defendants and Defendant City of New York)

108.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.    The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff PETER BABADAGLIAN.

110.    Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

111.    Defendants caused plaintiff PETER BABADAGLIAN to be prosecuted without probable cause until the charges were dismissed on or about July 5, 2018.

112.    As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

113.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "112" with the same force and effect as if fully set forth herein.

114.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who assaulted

17

and battered and manufactured evidence against plaintiff PETER BABADAGLIAN.

115. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

116. As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

117. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who assaulted and battered, falsely arrested, and maliciously prosecuted plaintiff, and who deprived plaintiff of his right to a fair trial.

119. As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York against Individually Named Defendants
and Defendant City of New York)

120.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "119" with the same force and effect as if fully set forth herein.

121.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

122.     Defendant City, as employer of the defendant officers is responsible for their negligent acts under the doctrine of *respondeat superior*

123.     As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

124.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "123" with the same force and effect as if fully set forth herein.

125.     As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

126.     As a result of the foregoing, plaintiff PETER BABADAGLIAN is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff PETER BABADAGLIAN demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated:  New York, New York
        March 13, 2020

                                    BRETT H. KLEIN, ESQ., PLLC
                                    Attorneys for Plaintiff PETER BABADAGLIAN
                                    305 Broadway, Suite 600
                                    New York, New York 10007
                                    (212) 335-0132

                                    By:     _____
                                            *Brett Klein*
                                            BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

PETER BABADAGLIAN,

                                        Plaintiff,

                    -against-                                    19 CV 04136
                                                                 (NG) (ST)
CITY OF NEW YORK, DAVID BLECK, Individually,
DANIEL RIVAS, Individually, ROBERT FAULKNER,
Individually, and EDUARDO ROCHE, Individually,

                                        Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132